MILLAR v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.   February 7, 1908.)

CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE—EVIDENCE.
        In an action for injuries to a street car passenger while alighting from
    a car in consequence of the sudden starting thereof, evidence *held* insuffi-
    cient to support a judgment for plaintiff.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1307–
    1314.]

Appeal from Trial Term.

Action by Mary Millar against the New York City Railway Com-
pany.   From a judgment for plaintiff, and from an order denying a
motion for a new trial, defendant appeals.   Reversed, and new trial
granted.

Argued before PATTERSON, P. J., and McLAUGHLIN,
LAUGHLIN, CLARKE, and SCOTT, JJ.

Bayard H. Ames (Anthony J. Ernest, on the brief, and James L.
Quackenbush, of counsel), for appellant.

Gormly J. Sproull (Hugh M. Harmer, of counsel), for respondent.

CLARKE, J.   The plaintiff was a passenger on an open electric-
south-bound car on the Second avenue line.   Her claim is that without
signal on her part to the conductor the car stopped even with the
house line on the north side of Fourteenth street; that another wo-
man passenger sitting in front of her alighted from the car; that she
then attempted to do so, had stepped down upon the running board,
and as she was about stepping to the street the car gave a sudden jerk,
and moved on, and she was thrown; that the accident happened about
half-past 10 or 20 minutes of 11 in the evening; that after she fell
the car went about a dozen yards, to the best of her judgment.

She called one witness, who claimed to have been a passenger who
was sitting on the next to the rear seat, some three or four seats be-
hind the plaintiff.   This witness testified that he gave his name to no
one at the time of the accident; that he happened to be in the case
because he had seen in the Herald an advertisement for witnesses, and
had received $10 a day for his attendance upon a former trial, and
expected to be paid for his attendance at this one.   He testified that
the accident occurred between 10 and half-past 10; that the car stop-
ped just before it arrived at Fourteenth street, and after the car had
come to a full stop, and every one else had got off the car at that time,
but the plaintiff, the car gave a quick start, and lurched suddenly to-
wards the center of Fourteenth street; that she was standing on the
step or running board, and had hold of the upright support of the car,
and while standing in that position was thrown to the street.   She lay
there, and the car proceeded on by the violence of its own momentum
across the cross-town car tracks on Fourteenth street.   The car came
to a stop very near the center of Fourteenth street, and remained there
from 7 to 10 minutes.

The defendant called ten witnesses, one of whom, the motorman,
was still in the employ of the company, and another, the conductor, who

was no longer in its employ. The eight other witnesses, passengers and passers-by upon the street, were apparently disinterested and in no way connected with the company. With the slight differences to be expected from witnesses of different capacities and from varying points of view, the story told by these ten men, in substantial agreement, is that as the car was slowing down to stop at the north side of Fourteenth street, which was a transfer station, and before it had come to a stop, the plaintiff stepped or fell into the street; that after she fell the car proceeded but a few feet, estimated by the different observers at from two to six feet; that it had not stopped before she fell; that it did not start up again after it had stopped and before she fell; and that it had not proceeded into Fourteenth street at all, but had stopped at about the house line, and was not thereafter moved until it went on downtown.

The story told by the plaintiff's one witness to the accident was not only utterly at variance with that told by the defendant's witnesses, in details of time, location of the accident, and subsequent movement of the car, about which there ought not to have been disagreement, if these witnesses were testifying about the same occurrence, but was so self-contradictory and unsatisfactory as to have little weight. In certain of his statements he contradicts the testimony of the plaintiff herself, no less than the witnesses for the defendant. While the weight of evidence is not to be determined solely by the number of witnesses, we are of the opinion in this case that the verdict was contrary to the great weight of evidence, and therefore that the judgment cannot stand.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.